IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN BENNETT,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS, a public entity,
and RAYMOND BOOKER, in his
official capacity as Warden of
Mound Correctional Facility,

    Defendants.
_____/

Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorneys for Plaintiff
30555 Southfield Road, Suite 400
Southfield, Michigan 48076
Tel:  (248) 223-9922
Fax:  (248) 223-9933
terigorman@aol.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, MARVIN BENNETT, by and through his attorneys, Teresa J. Gorman PLLC, for his Complaint, states as follows:

### JURISDICTION AND PARTIES

1.    This is an action by Plaintiff to enforce his civil rights protected by the Eighth and Fourteenth Amendments to the Constitution of the United States as well as the Americans With Disabilities Act, as amended, 42 USC §12101, et seq.

1

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 USC §12101, et seq.

3. At all relevant times, Plaintiff has been a resident of the City of Pontiac, Oakland County, Michigan.

4. At all relevant times, Defendant Michigan Department of Corrections was and is a "State or local government" within the meaning of the Americans with Disabilities Act, as amended, and as such operated the Macomb Correctional Facility in the City of Detroit, County of Wayne, Michigan, where Plaintiff Marvin Bennett remained in custody at most times relevant to this Complaint.

5. At all relevant times, Defendant Raymond Booker was the Warden of the Mound Correctional Facility, responsible for overseeing the operation of the facility. Defendant Warden Raymond Booker was acting under the color of law of the State of Michigan and is sued in his official capacity.

6. The majority of events that give rise to this cause of action occurred in the city of Detroit, County of Wayne, State of Michigan.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## BACKGROUND FACTS

8. Plaintiff incorporates all previous allegations, paragraphs 1 through 7, as though fully set forth herein.

9. In June 2009, Plaintiff was ordered to serve a criminal sentence of 2-20 years for larceny. From the time of his sentencing until his parole in June 2011, Plaintiff was placed under the custody and control of the Michigan Department of Corrections ("MDOC").

10. At the time of his sentencing, Plaintiff was a 51 year old male with a chronic medical condition, i.e., a herniated L4 disk in his spine for which he had had surgery in 2001 and which resulted in weakness and numbness in his left leg.

11. At the time Plaintiff began his incarceration with MDOC in June/July 2009, Plaintiff was ambulatory but walked with a limp with the assistance of a cane.

12. On July 1, 2009, at the onset of his incarceration with MDOC, Plaintiff underwent a complete intake-receiving physical examination at the Charles Egeler Reception and Guidance Center in Jackson, Michigan where physicians and healthcare staff noted Plaintiff's back surgery and resultant leg numbness and weakness. It was further noted that Plaintiff was ambulatory, walked with a limp, and required the use of a cane.

13. On July 1, 2009, a Special Accommodation Notice was issued by MDOC medical staff ordering that Plaintiff be housed in a ground floor room and in bottom bunk due to his disability.

14. From July 1, 2009 until his September 2009 transfer to MDOC's Mound Correctional Facility, various MDOC medical staff issued numerous Special Accommodation Notices ordering that Plaintiff be housed in a ground floor room and in bottom bunk.

15. In September 2009, Plaintiff was transferred to MDOC's Mound Correctional Facility where he would remain until paroled in June 2011.

16. On September 25, 2009, another Special Accommodations Notice was issued by Mound Correctional Facility medical staff ordering that Plaintiff be housed in a ground floor room and bottom bunk.

17. Despite the numerous Special Accommodations Notices and Orders directing that Plaintiff be housed in a ground floor room and bottom bunk, Mound Correctional Facility assigned Plaintiff to a third floor room.

18. On September 15, 2009, Plaintiff transmitted a letter to Defendant Warden Raymond Booker ("Warden Booker") reiterating the special accommodations of a ground floor room and bottom bunk that had been repeatedly ordered by medical personnel and requesting Warden Booker's help.

19. Warden Booker failed to respond to Plaintiff's September 15, 2009 writing.

20. Despite his disability and requests for accommodation by MDOC medical staff, Plaintiff remained assigned to the third floor room.

21. Because he was housed in a third floor room, Plaintiff was required to climb up and down stairs on a average of ten (10) times each day to go to the eating area, to attend religious services, to visit the medical facility, and/or to go outside.

22. Mound Correctional Facility has an elevator but Plaintiff's verbal requests to use the elevator rather than the stairs were denied by a guard on one shift but granted by another guard on another shift.

23. Plaintiff continued to request accommodations for his disability.

24. On June 2, 2010, Plaintiff submitted a written request to Warden Booker for an elevator pass, but never received a response to the request.

25. On July 9, 2010, Plaintiff fell down the stairs he had been required to traverse since arriving at Mound Correctional Facility.

26. Plaintiff's fall down the stairs resulted in further injury his back, further numbness and pain, additional new injuries, and a loss of mobility.

27. Subsequent to falling down the stairs, Plaintiff was no longer ambulatory and required a wheelchair.

28. Defendants MDOC and Warden Booker failed to make reasonable accommodations in policies, practices and procedure to enable Plaintiff to participate fully and equally in the prison's services, programs and activities.

29. Defendants MDOC and Warden Booker failed to provide and implement reasonable policies for assuring Plaintiff's basic health care, basic needs, and reasonably safe housing for persons suffering from medical and physical disabilities.

30. Plaintiff repeatedly sought adequate care by seeking intervention by medical staff, writing letters to Warden Booker requesting accommodations, and verbally requesting placement in a ground floor room and/or use of the elevator.

31. Defendants MDOC and Warden Booker, despite knowledge that adequate policies were required to assure that no prisoner was kept in custody for whom Defendants lacked safe and appropriate medical services and facilities, failed to promulgate or implement such policies.

32. Due to Defendants' failures, Plaintiff was discharged on parole in June 2011 in a wheelchair.

33. All actions and omissions of Defendant MDOC and its employees were taken pursuant to and as a result of the policies and customs of the MDOC.

34. All actions and omissions of Defendant MDOC and its employees were taken acting within the course and scope of their employment.

35. As a result of Defendants' actions and omissions, Plaintiff experienced and continues to experience loss of feeling in his extremities, loss of mobility, physical

pain and suffering, mental anguish, including embarrassment, humiliation and loss of self-esteem.

## COUNT I
## CRUEL AND UNUSUAL PUNISHMENT
## IN VIOLATION OF THE EIGHTH AMENDMENT TO THE
## UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

36. Plaintiff incorporates all previous allegations, paragraphs 1 through 35, as though fully set forth herein.

37. Conduct or acts perpetuated by government officials and agencies which deprive a citizen of rights, privileges, or immunities secured by the United States Constitution and Laws of the United States are actionable under Civil Rights Act of 1957, 42 U.S.C. § 1983.

38. Defendants' acts and omissions deprived Plaintiff of appropriate medical care and reasonably safe housing in light his disabilities. Defendants further exposed Plaintiff to unnecessary pain, physical injury, humiliation, embarrassment and a shameful state of helplessness.

39. Defendants' acts and omissions violated Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from such cruel and unusual punishment.

40. All of Defendants' acts and omissions constituted unnecessary and wanton infliction of pain and deliberate indifference to Plaintiff's medical needs and the risk that ignoring his disabilities and the requests for accommodation would result in serious harm to Plaintiff.

41. Defendants acted in willful disregard and deliberate indifference of Plaintiff's rights and their conduct towards him was outrageous and reckless with no penological purpose.

42. As a result of Defendants' acts and omissions, Plaintiff experienced and continues to experience loss of feeling in his extremities, loss of mobility, physical pain and suffering, mental anguish, including embarrassment, humiliation and loss of self-esteem.

## COUNT II
## DENIAL OF EQUAL PROTECTION
## IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE
## UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

43. Plaintiff incorporates all previous allegations, paragraphs 1 through 42, as though fully set forth herein.

44. Defendants' failure to prevent and remedy the degrading treatment, inadequate housing and cruel and unusual punishment violated Plaintiff's rights to equal protection under the Fourteenth Amendment of the United States Constitution.

45. All of Defendants' acts and omissions constituted unnecessary and wanton infliction of pain and deliberate indifference to Plaintiff's serious medical needs.

46. Defendants acted in willful disregard of Plaintiff's rights and their conduct towards him was outrageous and reckless with no penological purpose.

47. As a result of Defendants' acts and omissions, Plaintiff experienced and continues to experience loss of feeling in his extremities, loss of mobility, physical pain and suffering, mental anguish, including embarrassment, humiliation and loss of self-esteem.

**COUNT III
VIOLATIONS OF THE
AMERICANS WITH DISABILITIES ACT
(42 U.S.C. § 12132)**

48. Plaintiff incorporates all previous allegations, paragraphs 1 through 47, as though fully set forth herein.

49. Defendants' conduct violated Plaintiff's rights pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132.

50. All of Defendants' acts and omissions constituted unnecessary and wanton infliction of pain and deliberate indifference to Plaintiff's serious medical needs.

51. Defendants acted in willful disregard of Plaintiff's rights and their conduct towards him was outrageous and reckless with no penological purpose.

52. As a result of Defendants' acts and omissions, Plaintiff experienced and continues to experience loss of feeling in his extremities, loss of mobility, physical pain and suffering, mental anguish, including embarrassment, humiliation and loss of self-esteem

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award on his behalf against Defendants for:

A. compensatory damages;

B. punitive damages;

C. reasonable attorney fees under 42 U.S.C. § 1988; and

D. costs and expenses incurred in this action.

s/ Teresa J. Gorman
Teresa J. Gorman PLLC
Attorney for Plaintiff
30555 Southfield Road, Suite 400
Southfield, MI 48076
Tel:  (248) 223-9922
Fax: (248) 223-9933
terigorman@aol.com
(P61001)

## JURY DEMAND

Plaintiff demands a trial by jury.

s/ Teresa J. Gorman
Teresa J. Gorman PLLC
Attorney for Plaintiff
30555 Southfield Road, Suite 400
Southfield, MI 48076
Tel:  (248) 223-9922
Fax: (248) 223-9933
terigorman@aol.com
(P61001)
